NO. 07-02-0297-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 10, 2003


______________________________



IVY JOHNSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. CR-22,904; HON. DAVID V. WILSON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Appellant, Ivy Johnson, contends on appeal that his plea of guilty to the charge of
robbery, was involuntary because it was based on misinformation provided by his counsel. 
So too does he allege that this purported misinformation rendered his counsel ineffective. 
We affirm the judgment of the trial court.

 The identical issues and circumstances were considered by this court in Cause No.
07-02-0296-CR, styled Ivy Johnson v. State. We now overrule the issues at bar for the
reasons stated in our opinion rendered this day in Cause No. 07-02-0296-CR. 

 Accordingly, the judgment of the trial court is affirmed. 


 Brian Quinn

 Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



aring to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal; and


 2. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file appellate brief. 
See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83
L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief).



 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before September 7, 2006. Should
additional time be needed to perform these tasks, the trial court may request same on or
before September 7, 2006.

 It is so ordered.

 Per Curiam

Do not publish.